James Williams was convicted of a count in a two count indictment and the second count that he was convicted of was James Williams was convicted of a count of violating 18 U.S.C. 924 C 1a, a count that resulted in a five-year mandatory minimum sentence which ran concurrent to the other five-year sentence he received, in effect doubling his sentence. Now in United States v. Snow, 462 F 3rd 55, this court wrote that the mere presence of a weapon at the scene of a drug crime without more is insufficient to prove that the gun was possessed in furtherance of the crime. And the court went on to state that the government cannot convict under 924 C 1a by relying on the generalization that any time a drug dealer possesses a gun, that possession is in furtherance because drug dealers generally use guns to protect themselves and their drugs. Now, of course, this has also been recognized by this court as a fact-intensive question, which is normally a jury question, but it is subject to review. And in reviewing these questions, whilst other courts have set forth a list of factors which the court should consider, this court has found that that's not of such great utility as per the- Yes, ma'am. You're putting aside sort of specific factors. Can you just kind of tell me sort of your best argument for why the presence of this in the same gym bag as the drugs? Why is that not enough of a connection? Yes, what separates this case from other cases where the evidence has been found sufficient is that these drugs were possessed and under circumstances that evidence passive storage of the weapons. They were not loaded. There was loose ammunition that was compatible with one gun. The other firearm, a semi-automatic, had no ammunition and the magazine detached. They were wrapped up in a jacket, in a bag, that also had drugs in one of the pockets of the jacket, and these were stored in a closet. The firearms were not kept in a way where they would be readily available to further drug trafficking activity. What are we to make then of the fact, as the government points out, that when he, Mr. Williams' client, describes the bag, he says he needs everything in the bag, presumably that would include the guns, to get back in shape, quote unquote. Isn't that enough for the jury reasonably to infer that he needs guns and drugs, and just as a matter of establishing the nexus, which is Lee referenced, that seems to be sufficient, but you tell me. Well, I would say that that's far too speculative to support that inference. The evidence is that- What about that couple with the proximity, though? I mean, you said so yourself, they were in the same bag. Yes. So, I mean, at this point, it's not whether you or I would have thought it was enough. It was whether or not the jury had enough, and between the proximity and between the statement, why is that not enough? Well, just regarding the statement initially, I don't believe that it was Mr. Williams who used the phrase all of it. I think that was the person he was speaking with, Ms. Rogers. What that evidence is, I submit, is that these were items that he possessed. He had them in the bag, and he wanted his possessions kept for safekeeping. I don't think you can jump from that to concluding that both were- I respect the idea that there is an alternative theory, but that's not the standard for us, right? It's like whether or not there was enough for a jury to have reached this conclusion, and what I'm not hearing from you, and I would advise you to focus on, is why wasn't that enough? Because there's no evidence that the firearms, other than the fact that they were kept together in the same bag with the drugs, were held or possessed by Mr. Williams in a way that would further drug trafficking. Okay, but why is it not enough for the jury to have inferred? Because I think you need more than these items being possessed together, and the typically- So we need to create a new law to say that proximity isn't sufficient for a jury? Well, I think that, I submit that is the law, because in the proximity cases, when the courts, the appellate courts, analyze the factors, they consider all of the facts and circumstances, because Snow tells us that mere presence of these things at the scene together is not enough, and so- When you say mere presence, I asked you a question, it's mere presence. It's one thing if it's just present, it's another thing for someone to say, I want both of these things together, which a jury could reasonably interpret what he said as effectively saying that. So that's not mere presence, that's I want these things together to get back in shape, which I think a jury could also reasonably infer means of going back into the business of selling crack cocaine. Well, I think that could apply to the drugs, but not necessarily to the firearms. So the phrase get in shape, I submit, is way too vague to support the notion that he saw these guns as a way of defending himself, and it's not the way the guns were stored. There are cases where loaded firearms were readily accessible, such as in a dresser drawer that- Are there any other arguments you want to address? Well- And you also have some time for rebuttals. Yes, your honor, I have just a little bit of time. We had raised, there was 404B evidence that was adduced at trial, which on the theory that it was explanatory of phone conversations. That was a limited reason that the government proffered it. So our position is that there was no need to do that. The parties to the conversations testified at the trial, and for the reasons set forth in our brief, your honor, whatever probative effect it had was outweighed by the prejudicial effect of that evidence. Thank you very much. We'll hear from the government, and then we'll hear from you again on rebuttal. Mr. Kaufman? Yes, good morning, your honor. My name is Jeffrey Kaufman. And I'm an assistant US attorney in the Southern District of New York. I represent the government on appeal, and I represented the government at trial below. This must be a very big deal for the government, because I see two people at the table here, okay. And every case is a big deal for the government, I appreciate that. I can only use the support. Your honor, first addressing the snow issue that Mr. Green raised. To be clear, the government's theory, and I think the evidence demonstrates that the defendant didn't have the ability to physically, personally possess a gun in furtherance of the conspiracy at the time he was in jail, but that his goal was to be in a position to have ready access to the gun and the drugs as soon as he came out of jail, so that he could, as he said, get back in shape. They were readily accessible, the idea was, at the time of his release. And that was in furtherance of his drug distribution conspiracy. Snow does say that mere presence without more isn't sufficient. But the more here includes not just that they were contained in the very same bag, and that the defendant spoke of them as a unit, as a quote, gym outfit, that he needed to get back in shape. But they were continually kept together. They were stored at his request and direction by one of his co-conspirators together at her house. They were moved together by that co-conspirator to another location. And then they were picked up by another co-conspirator and to be stored at her house, so they'd be available to the defendant upon his release when they were intercepted by law enforcement still together. It's not mere proximity, it's the fact that they were always considered by every member of the conspiracy, including the defendant, as a unit, a gym outfit, a package that he could use to resume his drug dealing and get back in shape as soon as he was released. I'm sorry, if I just understood your argument, you're saying that there is not a distinction between presence and proximity, is that right? No, I didn't mean to apply that, Your Honor. Okay, because it seems to me that there could be, and there's a different weight in all of that. Presence is something being there, proximity is something kept together. I think you're right, Your Honor. And more than that, even to the extent mere presence isn't enough, certainly presence is a factor that often becomes important in these cases, and proximity is another factor that adds to that. And then when we have a defendant speaking of the items, evidencing his intent and view of how these items are to be used together, that is certainly- I don't know if I'm fully convinced that the statements are as unambiguous as perhaps your view of the case, even the get in shape statement. But are there other things, I mean, well, I probably interrupted your flow there, but in terms of statements that support that view beyond sort of the Jim Bagg, get in shape comments, which arguably are ambiguous. Are there other statements that you're relying on to support that? Well, Your Honor, I would say that these statements, since they're in coded language, there is certainly an argument that it could be interpreted a different way. Your Honor's quite right. But I think read in the context of the back and forth between the defendant and his co-conspirator who testified. In fact, if you'll permit me, I'd read that limited portion of the conversation. This is from the appendix pages 263 to 265. The defendant says, you want to put it in your attic, put it in there, nobody gets that bag. Ms. Rogers says, but what about the jacket? The defendant says, that too, that's my gym bag, I need that bag. Ms. Rogers, no, no, no, I understand that, I understand that. But what about the black jacket? Bear in mind, the contents of this bag are a black jacket that contains crack cocaine and two handguns, and then loose bullets and gloves. The defendant's response, that too, that's when I come out of the gym. I gotta get back in shape, you know what I'm saying. Ms. Rogers, so you want me to hold everything, hold all of it? The defendant, yeah, yeah, yeah, nobody gets that bag, I need my gym outfit, man. Ms. Rogers, hmm, the defendant, I ain't trying to hear no excuses. Now, again, we have to bear in mind, these items have always been kept together at the defendant's direction. The gym outfit he's talking about, an interpretation could be that, that just relates to the crack, for instance. But why keep these items together? Store them together in two different locations, plan to store them in a third, and refer to them as an outfit, which I think can be reasonably and rationally interpreted by a juror as something that will be used together. I take your Honor's point, but I do think we have to take that sort of evidence in the light most favorable of the government. And- I'm sorry, go ahead. Well, I was gonna ask, do we have to, I mean, in my read of our precedent is that there's sometimes the light most favorable of the standard, but sometimes we've done clear error review, and you're the government, so I'm sure you're going to vigorously defend the light most favorable to the government's standard, but does it matter in this case, do we have to decide as between these two standards? I certainly think, given the evidence in this case, there's no reason to reach that decision, because- Well, it's a jury determination, correct? It is. So there's not clear error here, it's sufficiency of the evidence, right? That is certainly the government's position, but even if it were a clear error standard, there is no clear error here, given the volume of evidence. The defendant's coded language and his actions, and the actions of his co-conspirators, shed a great deal of light on what the purpose of the gun with the drugs was.  I don't mean to indicate that I thought that the statements, the coded language was unambiguous, but ambiguity, when it's in front of a jury, is for a jury to resolve. Is that also correct? I think, Your Honor, it's correct, for obvious reasons. I mean, we've- Unless it's, I mean, unless the jury does something far afield, that can't be even squared with ambiguity. I can understand the court's desire to maintain that flexibility in an appropriate case, but for good reason, given the way that the evidence comes in, live in the courtroom, certainly, Your Honors would be hard-pressed to listen to all of these recordings in making your decision. There were also two people who testified, or at least one person who testified about what they understood the conversation to mean. Is that right? Multiple conversations. The one I just read, yes. The co-conspirator with whom the defendant was having that conversation pled guilty. She had pled guilty to the same offenses. She testified at trial. She explained her understanding of what the defendant was asking her to do. And she then tried to do what he asked her to do. If the court has no further questions, the government is prepared to rest on its brief. Thank you. Thank you. Mr. Rainer. Yes. Your Honor, the notion of getting in shape, I submit, is consistent with somebody wanting to get a business started, even if it was an illegal drug business, but it's not proof that he's talking about using firearms in connection with his drug trafficking activity. The proof is that these objects were possessions. But what about the specific reference to the jacket during these conversations as an integral part of what he wants to make sure he gets when he gets out of- Right, the drugs were in the pocket of the jacket. He was focusing on the jacket. That's where his drugs were. There's no evidence- Was that argument made by the defense at summation? Well, the defense did argue that there was insufficient proof that the firearms were possessed in connection with drug trafficking. I don't know, I don't recall that- But that issue was squarely before the jury and they- Well, the facts were certainly before the jury, of course, yeah. There was no evidence that these firearms were, that Williams was ever seen with these firearms, even though two witnesses who had close personal relationships testified. There's nothing in the phone conversations, the earlier phone conversations, and there were many of them, that I submit are suggestive of Mr. Williams not using firearms or talking to, much less talking about them in connection with drug trafficking. The focus was just on safeguarding this bag. That was really the focus of it. So I submit that the evidence was legally insufficient under the standard of review by this court. Thank you very much. This has been most helpful. We'll reserve decision in this matter.